UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY K. MADRY,                                    No. 10-13886

        Plaintiff,                                   District Judge Paul D. Borman

v.                                                  Magistrate Judge R. Steven Whalen

GIBRALTOR NATIONAL CORP.,
d/b/a QUIKRETE OF MICHIGAN,

        Defendant.
_____/

**OPINION AND ORDER**

On February 22, 2011, I entered an order [Doc. #16] granting in part and denying in part Plaintiff's motion to strike affirmative defenses [Doc. #11]. I also took part of the motion under advisement, specifically the statute of limitations affirmative defense (Affirmative Defense J). Having reviewed the parties' supplemental briefs, I now GRANT the Plaintiff's motion to strike Affirmative Defense J.

**I.   FACTS**

Plaintiff brings this case under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 261, *et. seq.* An employment application the Plaintiff signed in 2004 provided for shortening the limitations period for "any action or claim arising out of [her] employment" to 180 days, and further provided that she would pay the Defendant's attorney fees and costs in the event that she brought an unsuccessful claim. The paragraph in question states:

> "I agree that any action or suit against the firm arising out of my employment or termination of employment, including but not limited to claims arising under the State or federal civil rights statutes, must be brought within 180 days of the event giving rise to the claims or be forever barred. I waive any limitations periods to the contrary. I further agree that if I should bring any action or claim arising out of my employment against the firm in which the firm prevails, I will pay to the firm any and all costs incurred by the firm in defense of said claims, including attorney fees...."

The question on which I reserved ruling and requested supplemental briefing was the enforceability of this provision against an FMLA suit.[1] In my February 22, 2011 order, I stated:

---

[1] Plaintiff has also argued that the 2004 application was superseded by a 2006 application that was executed after ownership of the company was transferred. Because the 2004 waiver of the statute of limitations is unenforceable as to FMLA suits, it is not necessary to address the effect of the 2006 application.

"In its Amended Answer and Affirmative Defenses, Defendant pleads Affirmative Defense J, which states, 'Plaintiff's claims are barred by the applicable statute of limitations.' While the complaint was filed well within the two-year statute of limitations for FMLA claims, Defendant asserts that Plaintiff's 2004 employment application contained a waiver of the two-year limitations period, substituting a six-month period. However, two published cases from this District have held that a six-month limitation clause is unenforceable as to FMLA claims. *See Lewis v. Harper's Hospital*, 242 F.Supp. 769, 772 (E.D. Mich. 2002)(Duggan, J.)(citing 29 C.F.R. § 825.220(a)(1)), and *Henegar v. Daimler-Chrysler Corp.*, 280 F.Supp.2d 680, 682 (E.D. Mich 2003)(Borman, J.)(citing 29 C.F.R. § 825.220(d)).

"The parties are directed to file supplemental briefs on the issue of the enforceability of a shortened limitations period in FMLA cases within 14 days of the date of this Order. The briefs shall be simultaneous, not responsive. I will take the motion to strike Affirmative Defense J under advisement pending review of the supplemental briefs." *Doc. #16*.

## II.   DISCUSSION

The default statute of limitations for an FMLA case is two years, 29 U.S.C. § 2617(c)(1), and three years if the violation is willful, 29 U.S.C. § 2617(c)(2). The Defendant argues that parties may contractually shorten any statute of limitations, including that contained in the FMLA, and that a statute of limitations is a procedural rather than a substantive right, thus rendering inoperative any federal regulations prohibiting waiver of rights under the FMLA.

The Defendant is correct that as a general principle, and under certain circumstances, a statute of limitations may be contractually shortened. "[I]t is well-established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." *Bates v. 84 Lumber Co., L.P.*, 205 Fed.Appx. 317, 322-324, 2006 WL 2660728, *5 (6th Cir. 2006) (citing *Order of United Comm. Travelers of America v. Wolfe,* 331 U.S. 586, 608, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947)). However, a number of courts have held that public policy, as expressed in Department of Labor regulations, precludes waiver of the statute of limitations in an FMLA case. In *Lewis v. Harper Hosp.,* 241 F.Supp.2d 769 (2002) (Duggan, J.), the Court found that a contractual provision reducing the period of limitations in FMLA cases was void, citing 29 C.F.R. § 825.220(a)(1) (prohibiting employers "from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the [FMLA]"), and

29 C.F.R. § 825.220(d) ("Employees cannot waive, nor may employers induce employees to waive, their rights under FMLA"). *See also Henegar v. Daimler-Chrysler Corp.*, 280 F.Supp.2d 680, 681, n.2 (E.D.Mich. 2003)(Borman, J.) ("[T]he Court concludes that U.S. District Judge Patrick Duggan's opinion in *Lewis v. Harper Hospital,* 241 F.Supp.2d 769 (E.D.Mich.2002) correctly held that there is no six month period of limitations with regard to Plaintiff's filing the instant claim. *See* 29 C.F.R. § 825.220(d)."). Although no Circuit Court of Appeals has directly ruled on this issue,[2] other districts have followed *Lewis* and *Henegar* in holding that a waiver of the FMLA statute of limitations is void. *See Grosso v. Federal Exp. Corp.* 467 F.Supp.2d 449, 456 (E.D.Pa. 2006) ("This Court agrees with the persuasive authority of *Lewis* and its progeny, and concludes that the six-month limitations clause in plaintiff's employment contract is unenforceable with regard to plaintiff's FMLA claims"); *Woods v. DaimlerChrysler, Corp.*, 2003 WL 24196898, *4 (E.D.Mo. 2003)(unpublished) ("The six-month contractual limitations period imposed by DaimlerChrysler is an interference with Woods' rights under the FMLA, where the statute of limitations is either two or three years"); *Plitsas v. Federal Exp., Inc.*, 2010 WL 1644056, *6 (D.N.J. 2010)(unpublished) ("A limitation on the time in which a plaintiff may recover is a restraint upon access to rights under the FMLA"). *But see Badgett v. Fed. Express Corp.,* 378 F.Supp.2d 613, 622-623 (M.D.N.C.2005) (rejecting *Lewis*); *Fink v. Guardsmark, LLC,* 2004 WL 1857114, at *3-4 (D.Or. Aug.19, 2004) (unpublished) (finding contractual limitations on bringing of FMLA claims valid).

Relying on the *Badgett* line of cases, the Defendant in this case argues that "*Lewis* and *Henegar* confused an employee's substantive right with a procedural requirement designed to protect employers." *Defendant's Supplemental Brief* [Doc. #18], at 3. However, in *Wineman v. Durkee Lakes Hunting & Fishing Club, Inc.*, 352 F.Supp.2d 815, 822 (E.D. Mich. 2005), which involved a contractual waiver of the statute of limitations under the Fair Labor Standards Act ("FLSA"), Judge Lawson rejected that distinction where the waiver contravenes sound public policy:

---

[2] In *Bates, supra*, the Sixth Circuit recognized the split of authority on this issue among several district courts, but declined to resolve the question, stating that "[m]aking circuit precedent on an issue of first impression...is not necessary to the resolution of this case...." *Id.*, at *5. *See also Woods v. DaimlerChrysler, Corp.,* 409 F.3d 984, 994 (8th Cir.2005) (affirming the district court on an alternative basis and therefore concluding that "we need not address the issues relating to the contractual limitations clause").

"In this case, the defendant argues that it is not seeking a waiver of the employees' substantive rights under the FLSA, but rather procedural rights represented by the statute of limitations. *In light of the public policy implications, however, that is a distinction without a difference*. The Supreme Court has held that other procedural rights under the FLSA, such as the right to bring claims in court rather than in an arbitral forum, cannot be waived. *Barrentine v. Arkansas-Best Freight Sys. Inc.,* 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981)." (Emphasis added).[3]

Although *Wineman* involved the FLSA, it relied heavily on Judge Duggan's opinion in *Lewis, supra*, noting that regardless of whether the statute of limitations is regarded as substantive or procedural, limiting it in a remedial statute such as the FMLA or the FLSA interferes with a plaintiff's ability to bring a claim:

"Although there is no concomitant regulation pertaining to the FLSA, the holding in *Lewis* is significant in that the court proclaimed that 'imposing a six month statute of limitation is an interference with employees' rights under the FMLA where the statute of limitations is either two or three years.' *Id.* at 773. Likewise, the six-month contractual adjustment of the two- and three-year statute of limitations in this case constitutes a compromise of the employees' rights under the FLSA." 352 F.Supp.2d at 823.

Finally, *Wineman* cites *Myers v. Western-Southern Life Ins. Co.*, 849 F.2d 259, 261 (6th Cir. 1988),

---

[3] In *Barrentine*, the Supreme Court stated:

"This Court's decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, we have held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." 450 U.S. at 740, 101 S.Ct. 1437.

The same reasoning applies to the FMLA. Notwithstanding *Badgett's* pronouncement that statutes of limitations "exist for the protection of defendants," the FMLA and the accompanying Department of Labor Regulations exist for the protection of employees. As stated in *Plitsas, supra* at *6:

"Although *Badgett* is correct that statutes of limitations exist to protect defendants by encouraging plaintiffs to bring claims before they are stale, the regulation quoted *supra* restrains employers from interfering with relief under the FMLA. 29 C.F.R. § 825.220 (2009); *Wolfe,* 331 U.S. at 608 n. 20; *Badgett* 378 F. Supp 2d at 624-25. While the regulatory limitation may not be the statute envisioned in *Wolfe,* it presents a legal backstop to efforts by employers to restrict access by employees to their rights under the FMLA. 331 U.S. at 608.

"A limitation on the time in which a plaintiff may recover is a restraint upon access to rights under the FMLA; even though the statute of limitations in the FMLA inures to the benefit of defendants, the regulation exists to protect employees."

for the proposition that "in order to establish that public policy preempts a provision in a private contract, a claimant 'need only show that the purpose of the contract provision is to create a situation which tends to operate to the detriment of the public interest; he need not demonstrate that the public interest has actually been harmed.'" *Wineman*, 352 F.Supp.2d at 823. It is clear that the waiver provision in Plaintiff's 2004 employment contract is inimical to the public interest expressed by Congress in the FMLA and the Department of Labor in its regulations. But the mischief created by the waiver is even more obvious when viewed in the context of the next sentence in the employment application, which states that "if I should bring any action or claim arising out of my employment against the firm in which the firm prevails, I will pay to the firm any and all costs incurred by the firm in defense of said claims, including attorney fees...." By themselves or in combination, these two provisions are designed to deter employees from exercising their rights and insulate the Defendant from its obligations under the FMLA.

Given the strong public interest in providing employees their full panoply of rights under the FMLA, *Lewis* and *Henegar* represent the better reasoned authorities. The waiver of the statute of limitations in the Plaintiff's 2004 employment application is void as contrary to public policy.

### III.   CONCLUSION

For these reasons, Plaintiff's motion to strike Defendant's Affirmative Defense J (statute of limitations) is GRANTED

SO ORDERED.

                                                           s/R. Steven Whalen
                                                           R. STEVEN WHALEN
                                                           UNITED STATES MAGISTRATE JUDGE

Date: April 25, 2011

_____

### CERTIFICATE OF SERVICE

I hereby certify on April 25, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 25, 2011: **None.**

                                                           s/Michael E. Lang
                                                           Deputy Clerk to
                                                           Magistrate Judge R. Steven Whalen
                                                           (313) 234-5217