UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY K. MADRY,

        Plaintiff,

Case No. 10-13886

v.

Honorable Paul D. Borman
United States District Judge

GIBRALTAR NATIONAL CORPORATION,

        Defendant.

_____/

OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S MOTION TO STRIKE

This matter is before the Court on Defendant's Motion for Summary Judgment. The Court held a hearing on January 31, 2012. For the reasons that follow, the Court GRANTS Defendant's Motion for Summary Judgment.

I.  **INTRODUCTION**

In August of 1991, Alison Dascenza began working for Gibraltar National Corporation ("Defendant") as an accounts receivable ("AR") clerk. She voluntarily left in August of 1994, but was rehired in February of 1996 as a customer service manager and dispatcher.

On December 6, 2004, Tracey Madry ("Plaintiff") began working for Defendant as an AR clerk. On August 30, 2006, Defendant was acquired by Quikrete; both Dascenza and Plaintiff retained their respective positions.

1

In March 2008, Plaintiff became pregnant. During the next several months, Plaintiff requested time off for various doctors' appointments related to her pregnancy. Plaintiff's requests to take time off were never denied, and she was always restored to her position upon returning.

On August 1, 2008, Delaina Shakir, a part-time AR clerk working on liens and collections, voluntarily resigned.

In September 2008, Defendant reassigned Dascenza from dispatch to AR. Both Dascenza and Plaintiff worked as AR clerks with Dascenza performing liens and collections, and Plaintiff handling billing and credits. Plaintiff subsequently trained Dascenza on how to handle billing and credits.

On October 17, 2008, Plaintiff went on leave pursuant to the Family Medical Leave Act (FMLA). A treating physician completed a Certification of Physician or Practitioner form stating that Plaintiff was pregnant, with a complication of insulin dependent diabetes; the expected duration of Plaintiff's leave was from October 17, 2008 until February 1, 2009. Defendant granted Plaintiff leave from October 17, 2008 until February 2, 2009. Dascenza handled all the AR work while Plaintiff was on leave.

On January 28, 2008, Plaintiff called Defendant's office manager, Nicole Harbin, and reminded Ms. Harbin that Plaintiff was going to return to work the following week. Ms. Harbin informed Plaintiff that Plaintiff was being laid off, effective February 2, 2009, due to a cost-cutting measure by Defendant because of decreased sales. Also effective February 2, 2009, Dascenza was given the position of AR/Billing Clerk.

2

Plaintiff brought suit in state court alleging that she was terminated in violation of the FMLA. Defendant timely removed the action to this Court. Defendant then filed the present Motion for Summary Judgment.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323; *see also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material

3

fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see also Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

## III.   ANALYSIS

Pursuant to the FMLA, Defendant was prohibited from interfering with, restraining, or denying Plaintiff benefits to which she was entitled. 29 U.S.C. §2615(a)(1). The benefit to which Plaintiff was entitled was either to be restored to the position she held before she took leave or to be restored to an equivalent position. 29 U.S.C. §2614(a).

### A. *Prima Facie* Case

FMLA claims based on an entitlement theory[1] are analyzed under the burden-shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Donald v. Sybra, Inc.*, __F.3d__, 2012 WL 117613 (6th Cir. Jan. 17, 2012). The analysis requires first that a plaintiff establish her *prima facie* case. *McDonnell Douglas*, 411 U.S. at 802.

To establish a *prima facie* case under the FMLA based on an entitlement theory, Plaintiff must prove that (1) Plaintiff was an eligible employee, (2) Defendant was an employer defined under the FMLA, (3) Plaintiff was entitled to leave under the FMLA, (4) Plaintiff gave Defendant notice of Plaintiff's intention to take leave, and (5) Defendant denied Plaintiff FMLA benefits to which Plaintiff was entitled. *Grace v. USCAR*, 521 F.3d 655, 669 (6th Cir. 2008).

Defendant concedes that Plaintiff has established the first four elements of the test. Additionally, Plaintiff indicated that she was ready, willing, and able to return to work at the conclusion of her leave. Plaintiff's burden of establishing a *prima facie* FMLA claim "is not intended to be an onerous one." *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 315 (6th Cir. 2001). Accordingly, Plaintiff has established her *prima facie* case.

### B. **Legitimate Reason for Adverse Employment Action**

Because Plaintiff has established her *prima facie* case, the burden shifts to Defendant to offer evidence of a legitimate reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802.

---

[1] There are two distinct theories for recovery under the FMLA: (1) the entitlement or interference theory, and (2) the retaliation or discrimination theory. *Hoge v. Honda of Am. Mfg.*, 384 F.3d 238, 244 (6th Cir. 2004). Plaintiff is seeking recovery under the entitlement theory.

Defendant argues that Plaintiff has failed to establish the fifth element – that Defendant denied Plaintiff FMLA benefits to which Plaintiff was entitled – because Plaintiff would have been laid off even if Plaintiff had not taken FMLA leave. Under 29 U.S.C. §2614(a)(3)(B), Defendant did not have to provide Plaintiff a position of employment to which Plaintiff would not have been entitled had Plaintiff not taken the leave. More specifically, "an employee returning from FMLA leave is not entitled to restoration unless [she] would have continued to be employed if [she] had not taken the FMLA leave." *Grace*, 521 F.3d at 669 (quoting *Hoge v. Honda of Am. Mfg.*, 384 F.3d 238, 245 (6th Cir. 2004)).

Defendant has offered evidence to support its contention that its decision to lay off Plaintiff was completely unrelated to Plaintiff's FMLA leave, which ended February 1, 2009. Defendant has offered evidence that its sales and employees' hours worked have been steadily decreasing. Defendant contends that it laid off Plaintiff due to "lack of work." In November of 2008, Defendant laid off four employees due to "lack of work." Defendant laid off three additional employees in late 2009, nine employees in 2010, and two more employees in early January of 2011 all due to "lack of work." The plant manager testified that Plaintiff would have been laid off even if she had not taken leave. Thus, Defendant has offered sufficient evidence to satisfy its burden of producing evidence that Plaintiff would have been laid off during the FMLA period.

**C.     Pretext**

Because Defendant has succeeded in offering evidence of a legitimate reason, the burden shifts back to Plaintiff to show that Defendant's proffered legitimate reason is merely pretext. *McDonnell Douglas*, 411 U.S. at 804.

Plaintiff contends that the temporal proximity between the adverse employment action and the protected activity is evidence of pretext. Plaintiff also attempts to demonstrate pretext by arguing that Dascenza's current position is the same as the position Plaintiff held prior to her leave, and that, according to Defendant's lay-off policy, Plaintiff should have priority over Dascenza for the position. Alternatively, Plaintiff argues that if Dascenza's current position is distinct from the position Plaintiff held prior to her leave, Plaintiff should have been given the position instead of Dascenza, and Plaintiff could have been trained in the areas that were different from Plaintiff's previous position.

### 1. Temporal Proximity

Plaintiff argues that the temporal proximity between the adverse employment action and the protected activity is evidence of pretext. While temporal proximity may be used as evidence in retaliation claims, *see, e.g. DiCarlo v. Potter*, 358 F.3d 408 (6th Cir. 2004), claims alleging a failure to reinstate an employee, such as Plaintiff's, will always, by their very nature, be temporally proximate to the protected activity. Accordingly, the temporal proximity between Plaintiff's termination and Plaintiff's FMLA leave does not raise a genuine issue of material fact.

### 2. Dascenza's Current Position and Plaintiff's Prior Position

Plaintiff attempts to demonstrate pretext by arguing Dascenza's current position is the same as the position Plaintiff held prior to Plaintiff's leave, and that, according to Defendant's manual, Plaintiff should have priority over Dascenza for the position. This argument fails because Dascenza's current position is not the same as the position Plaintiff held prior to Plaintiff's leave. Moreover, even if the positions were the same, Plaintiff is not entitled to the position over Dascenza.

### a.     Distinct Positions

Dascenza's current position is distinct from the position Plaintiff held prior to Plaintiff's leave. Since being an AR clerk performing liens and collections, Dascenza has assumed the additional responsibilities of a sales assistant and of a customer service representative. Prior to Plaintiff's leave, Plaintiff was an AR clerk handling billing and sales. Although Plaintiff would help out with other departments on an as-needed basis, she conceded in her deposition that those other responsibilities were not part of her job on a regular basis. Furthermore, Plaintiff's argument that she could have been trained for the other responsibilities included in Dascenza's job undermines Plaintiff's argument that the positions are the same. At the hearing, Plaintiff's counsel admitted that Plaintiff had never performed dispatch before, but argued that Plaintiff is capable of learning. The fact that Plaintiff is capable of performing the job that Dascenza currently holds is irrelevant. The FMLA entitles Plaintiff only to be restored to the position she held before she took leave or to be restored to an equivalent position. 29 U.S.C. §2614(a). An equivalent position is "one that is virtually identical to the employee's former position . . . and must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority." 29 C.F.R. §825.215(a).

### b.     Lay-off Policy

Furthermore, even if Dascenza's current position were the same as the position Plaintiff held prior to Plaintiff's leave, Defendant's lay-off policy does not establish pretext. Defendant's manual with regards to lay-offs states, in pertinent part, "full-time employees will be reduced first by length of service according to their ability to do the job required – the last employee hired for the job requirement of skill will be the first terminated."

Dascenza had more seniority than Plaintiff. At her deposition, Plaintiff conceded that Dascenza was hired before her, but argued that Dascenza was hired to replace Plaintiff:

Q. Are you alleging that [Defendant] hired someone to replace you?

A. Yes

Q. Who'd they hire to replace you?

A. Alison [Dascenza]

Q. Do you know what date she was hired?

A. No

Q. Was she working [for Defendant] when you started working there?

A. Yes

Q. She was hired before you?

A. Yes

Madry Deposition page 165. Thus, Dascenza had seniority over Plaintiff, and according to Defendant's policy, Dascenza was entitled to the position over Plaintiff.

Plaintiff further argues that it is seniority in the specific position that controls, not seniority at the company. This argument fails because, as noted above, Dascenza's current position combined several different positions and did not previously exist. Additionally, Defendant's policy explicitly states that an employee's seniority will factor into lay-off decisions "when possible", but that "[r]eductions in force will always be governed by the Company's needs at the time . . . ."

Plaintiff further testified at her deposition as follows:

Q. Are you claiming that any Quikrete employee was responsible for your layoff, any specific Quikrete employee?

A. No one specific.

9

Madry Deposition p. 167.

> Q. Did you ever do cross training with other people in the office?
>
> A. No.

*Id.* at 106.

### c. Bumping and Transferring Rights

Plaintiff contends that, assuming Dascenza's current position is distinct from the position Plaintiff held prior to her leave, Plaintiff should have been given the position instead of Dascenza, and Plaintiff could have been trained in the areas that were different from Plaintiff's previous position. This argument is without merit. Plaintiff is not entitled to "bump" another employee out of a position just because Plaintiff was on leave and the other employee was not. *See Taylor v. Union Inst.*, 30 F.App'x 443, 452-53 (6th Cir. 2002) ("In essence, the FMLA does not give the employee on protected leave a bumping right over employees not on leave."). Neither is Plaintiff entitled to transfer to a different position. *See Skrjanc*, 272 F.3d at 316. ("The FMLA, however, does not give [the plaintiff] the right to be considered for transfer if he did not have such a right before he requested leave.").

## IV. CONCLUSION

Even when looking at the evidence in a light most favorable to Plaintiff, there is no genuine issue of material fact as to whether Defendant denied Plaintiff FMLA benefits to which Plaintiff was entitled. Although the burdens of production shift, the burden of persuasion always remains with the plaintiff. *Bryson v. Regis Corp.*, 498 F.3d 561, 570 (6th Cir. 2007) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). Plaintiff failed to demonstrate that Defendant's justification for her termination was pretextual. Further, "the law in this circuit is clear that temporal

proximity cannot be the sole basis for finding pretext." *Donald v. Sybra, Inc.*, __F.3d__, 2012 WL 117613 (6th Cir. Jan. 17, 2012). The Sixth Circuit added:

> We have adopted the honest belief rule, reasoning that it is not in the interests of justice for us to wade into an employer's decisionmaking process. It is instead the employer's belief, and whether it is informed and nondiscriminatory, with which we are concerned. We do not require that the employer arrived at its decision in an optimal manner, but that it reasonably relied on the particularized facts that were before it at the time the decision was made.

Slip Op. at p. 8 (citations omitted). Accordingly, Defendant's Motion for Summary Judgment is GRANTED.

The Court GRANTS Defendant's Motion to Strike Plaintiff's Declaration attached to Plaintiff's Response Brief because it contradicts her prior deposition testimony. *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) ("A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony.").

IT IS SO ORDERED.

                                                     s/Paul D. Borman
                                                     PAUL D. BORMAN
                                                     UNITED STATES DISTRICT JUDGE

Dated: February 8, 2012

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 8, 2012.

                                              s/Denise Goodine
                                              Case Manager